**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br><br> Michelle A. Rice (application *pro hac vice* pending) <br> mrice@kaplanrice.com <br> KAPLAN RICE LLP <br> 142 W. 57th Street, Suite 4A <br> New York, NY 10019 <br> Tel. (212) 235-0300 <br> *Attorneys for Defendant Ari Horowitz* <br><br> John Jureller, Jr. <br> (NJ Bar No. 056361993) <br> Klestadt Winters Jureller Southard & Stevens, LLP <br> 200 West 41st Street, 17th Floor <br> New York, NY 10036. <br> Telephone: 212-679-5315 <br> Email: jjureller@klestadt.com <br> *Attorneys for Defendants Ari Horowitz and Hudson Palm, LLC* | |
| In re: <br><br> 1 THRASIO ONE, INC., <br><br> *Reorganized Debtor*[1] | ---------------------------------------- <br> Chapter 11 <br><br> Case No. 24-11850-CMG <br><br> (Jointly Administered) <br> ---------------------------------------- |
| META ADVIROS, LLC, solely in its capacity as Trustee of the Thrasio Legacy Trust, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA SILBERSTEIN; CARLOS CASHMAN; DANIEL BOOCKVAR; JOSEPH FALCAO; MOUNIR OUHADI; ADITYA RATHOD; ARI HOROWITZ; EVERYTHING'S COMING UP MILLHOUSE, LLC; CASHMAN FAMILY INVESTMENT II, LLC; HUDSON PALM LLC; AND YARDLINE CAPITAL CORP., <br><br> Defendants. | <br><br> Adv. Pro. No. 24-01637-CMG |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ARI HOROWITZ'S AND HUDSON PALM, LLC'S JOINT MOTION FOR A THREE-WEEK EXTENSION TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

---

[1] The last four digits of Reorganized Debtor's tax identification number are 4771. The Reorganized Debtor's service address for purposes of this chapter 11 case is 85 West Street, 3rd Floor, Walpole, MA, 02081.

{00130405.2}

Defendant Ari Horowitz ("Horowitz") and defendant Hudson Palm, LLC ("Hudson Palm") respectfully submit this reply memorandum of law in support of their joint motion for a short extension of time to answer or otherwise respond to the Complaint filed in this adversary proceeding commenced by Meta Advisors, LLC (the "Plaintiff").[2]

## ARGUMENT

Horowitz seeks a short extension of time to allow its recently retained lead counsel to review the extensive record in this matter, including the "Findings of Fact, Conclusions of Law and Order" confirming the Thrasio plan of reorganization, the "Summary Report of the Disinterested Directors," and the transaction documents (including releases) that are applicable to the transactions at issue in Plaintiff's Complaint. Plaintiff does not argue that it will be prejudiced by this short extension, instead suggesting that counsel should be fully familiar with the eleven claims asserted against Horowitz based on a prior representation of a client that has nothing to do with Yardline or any of the transactions alleged in Plaintiff's Complaint. Plaintiff's arguments are misguided and fail to rebut the showing by Horowitz that a short extension is warranted.

First, Plaintiff incorrectly calls KR LLP Horowitz's "additional" counsel. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for an Extension of Time" (the "Opposition" or "Opp.") at 2. KR LLP is lead counsel for Horowitz. As required by the rules of this Court, the Klestadt Firm, KR LLP's local counsel, will continue to file papers in New Jersey Bankruptcy Court, where it is admitted to practice, a function which KR LLP will

---

[2] Two of the eleven counts asserted against Horowitz, Counts XXIII and XXIV, also are asserted against Hudson Palm. These counts concern the receipt by Hudson Palm of $1,823,707 for the purchase of Horowitz's or Hudson Palm's Yardline shares. Hudson Palm's and Horowitz's contentions with respect to these counts are aligned and, thus, should be heard simultaneously. This is the sole reason Hudson Palm, solely through its counsel at Klestadt Winters Jureller Southard & Stevens, LLP (the "Klestadt Firm"), joins this motion. Hudson Palm is not represented by Kaplan Rice LLP ("KR LLP").

1

continue to require even after (and assuming) its applications for *pro hac vice* are approved. Plaintiff's argument that no extension is needed because KR LLP will only have a de minimis role is false.³

Second, Horowitz complied with Fed. R. Bankr. P. 9006(b)(1)(A), which allows this Court to extend the deadline to file an answer or otherwise respond to the complaint "at any time and for cause" so long as the "request to extend is made before the period (or a previously extended period) expires". Horowitz also provided a case citation, *In re NJ Affordable Homes Corp.,* No. 05-60442 (DHS), 2013 WL 6048836, at *9 (Bankr. D.N.J. Nov. 8, 2013), to the same effect. *See* Memorandum of Law in Support of Defendants Ari Horowitz's and Hudson Palm, LLC's Joint Motion for a Three-Week Extension to Answer or Otherwise Respond to the Complaint ("Horowitz Br.") at 2-3.

Horowitz established cause. In addition to KR LLP's recent retention as lead counsel, Horowitz explained that responding to the eleven counts asserted against Horowitz involves the review and analysis of "several intricate corporate transactions in which Horowitz was involved in different capacities, transactions for which there are numerous documented agreements and releases (only some of which are identified and discussed in the complaint." Horowitz Br. at 3-4. The Complaint, which has 375 paragraphs and names eleven defendants, raises a number of legal and pleading issues that will likely be raised in Horowitz's motion to dismiss, resulting

---

³ Plaintiff notes that Horowitz failed to fully comply with D.N.J. LBR 9013. Opp. at 2. n.2. In fact, counsel for Horowitz contacted this Court's courtroom deputy, Rachel Stillwell, on Wednesday, February 26, 2025. Ms. Stillwell advised that Horowitz need only file a motion for an extension prior to the time that the answer or response to the Complaint was due. In response to the question as to whether there would be any consequence to Horowitz not filing an answer or response to the Complaint once the motion for an extension was filed, Ms. Stillwell said that she had contacted her supervisor who said that Horowitz only needed to file the motion for an extension to preserve its right to later answer or otherwise respond to the Complaint. Counsel for Horowitz separately telephoned the courtroom deputy and judicial assistant on Friday, February 28, 2025 to inquire whether to include a hearing date on the motion seeking a short adjournment, but was unable to reach either before filing the motion.

from the eight fraudulent transfer claims under federal and state laws against Horowitz, two conspiracy to commit fraud claims, and one unjust enrichment claim.

The Opposition does not seriously dispute these contentions. Instead, it baldly contends that KR LLP "is already familiar of [sic] the [Yardline and Swiftline] corporate transactions at issue in the Complaint from its previous representation of Cornice Ventures." Opp. at 5. KR LLP represented Cornice Ventures in 2023, before the bankruptcy filing, in connection with a books and records demand arising out of Cornice's purchase of securities from Thrasio in the C-2 and C-3 round. Cornice has nothing to do with the claims alleged against Horowitz, all of which arise out of a tender offer in 2020 and Thrasio transactions with Yardline from April 2021 through January 2022. Cornice is not a party to this case, is not mentioned in the Complaint, and did not engage in any transaction with Yardline. The suggestion that KR LLP's representation of Cornice two years ago somehow gives KR LLP advance knowledge of the claims the Trustee asserted against Horowitz in the Complaint filed in December 2024 is completely unsupported.

The Opposition also argues – again without any factual basis – that KR LLP must have extensive knowledge of the bases for the claims asserted against Horowitz because it referenced a release in Horowitz's motion. Opp. at 5. The release is mentioned to show additional complications in this case; the release is not even mentioned in the Complaint and yet it appears to apply to all of the claims against Horowitz. Indeed, KR LLP offered to provide the release to the Plaintiff to discuss its application to the claims, but the Plaintiff nonetheless refused to provide any additional time to Horowitz to respond to the Complaint. In any event, Plaintiff never explains why KR LLP's knowledge of the release somehow means that KR LLP has had sufficient time to analyze and diligently review the corporate documents related to the various transactions in the 74-page Complaint and prepare its motion to dismiss on behalf of Horowitz.

Third, the Opposition does not address the Motion to Withdraw the Reference, which could result in the transfer of the case and the motions pending before this Court and have an impact on the schedule of such motions. Horowitz Br. 2, 4. Coincidentally, the Trustee submitted a letter to the district court yesterday, seeking to extend the briefing schedule on that motion. At the very least, this suggests that the Trustee is amenable to extensions that suit its purposes.

Finally, the Opposition does not address the absence of prejudice demonstrated by Horowitz in his motion. Horowitz Br. at 4-5. The Trustee's opposition to the motions to dismiss is not due until May 12, 2025 (Dkt. 38) and, in any event, Horowitz agreed to provide additional time to the Trustee in the event his request for an extension is granted by this Court. Horowitz Br. at 1, 4. And, as noted in the motion filed by Horowitz, the Trustee already has had the benefit of substantial discovery. *Id.* at 5. A delay of a few weeks should not have any effect on the Trustee's ability to fully respond to whatever arguments are made in the expected motions to dismiss or impair discovery going forward, should there be any.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Horowitz's and Hudson Palm's motion for a three-week extension of time to answer or otherwise respond to the Trustee's Complaint.

Dated: March 4, 2025

    /s/ *John Jureller, Jr.*_____
John Jureller, Jr.
(NJ Bar No. 056361993)
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, NY 10036.
Telephone: 212-679-5315
Email: jjureller@klestadt.com

*Local Counsel for Defendant Ari Horowitz and Attorneys for Hudson Palm, LLC*

    /s/ *Michelle A. Rice*_____
Michelle A. Rice (*pro hac vice* application pending*)*
mrice@kaplanrice.com
KAPLAN RICE LLP
142 W. 57th St., Suite 4A
New York, New York 10019
Phone: (212) 235-0300

*Attorneys for Defendant Ari Horowitz*

5